WOLF, J.,
Concurring.
I concur in the well-reasoned opinion of Judge Lewis. I write for two reasons: (1) to point out important factual distinctions between this case and Penn Central Transportation Co. v. City of New York, 488 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978); and (2) to reiterate Judge Lewis’ point that this is a very limited decision based on the trial court’s findings that the items of property for which appellee is receiving compensation have absolutely no reasonable purpose, use, or value after application of the “pregnant pig amendment.”
In Penn Central, the claim of the property owner related to the value of land and its future development rights. 438 U.S. at 118-19, 98 S.Ct. 2646. The land at issue still had alternative uses and retained much of its value. Id. at 118-19, 129-38, 98 S.Ct. 2646. In this case the claim is not for diminution of value of land or loss of business profits. Appellant’s damage claim is for tangible property and improvements which had lost all value because of governmental regulation.
In Penn Central, the assessment concerning the land involved a bundle of property rights associated with the land. Id. at 129-38, 98 S.Ct. 2646. No such bundle of rights exists in the tangible property at issue in this case. It cannot reasonably be argued that the State could come onto a *484 farmer’s property and take a tractor and not be required to pay for it. I see no practical difference between the seizure of a tractor and the government telling a tractor owner that the owner can keep the tractor but under no circumstances can the owner turn it on. I also do not see a valid argument that a property owner should not be compensated for costly improvements on property that are rendered valueless because they may be designated fixture.*
I would also note, absent the trial court’s finding in this case that there was “no” remaining practical use of the property in question (a result I am skeptical of but, because the State presented no competent evidence in this regard and because the trial court’s findings are supported by competent substantial evidence, is one we must honor), there would be no recovery. Under the limited circumstances in this case, upholding the damage award is appropriate.

 Because there is no claim based on the lost value and business damages are unavailable, there is no issue concerning duplicative recovery.